**ORIGINAL**

FILED-USDC-NDTX-DA
'24 DEC 2 PM3:26

KM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3-24CR-533-L |
| DLUBAK GLASS COMPANY | |

### FACTUAL RESUME

In support of Dlubak Glass Company's plea of guilty to the offense in Count One of the Information, Dlubak Glass Company (DLUBAK), the defendant, David Simon, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1001(a)(2), that is, False Statements to Federal Agencies and Agents, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That the defendant made a false statement regarding a matter within the Environmental Protection Agency's jurisdiction as charged in the Information;

*Second.*     That the defendant made the statement knowing that it was false;

*Third.*     That the statement was material; and

*Fourth.*     That the defendant made the false statement willfully for the purpose of misleading the Environmental Protection Agency (EPA) and/or the Texas Commission on Environmental Quality (TCEQ).

---

[1] Fifth Circuit Pattern Jury Instruction 2.45 (5th Cir. 2019).

**Factual Resume—Page 1**

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, a decision of the EPA or the TCEQ. It is not necessary to show that the EPA or the TCEQ was in fact misled.

## STIPULATED FACTS

1. DLUBAK admits and agrees that on or about and between March 11, 2016, to May 11, 2016, in the Northern District of Texas and elsewhere, DLUBAK did willfully and knowingly, in violation of 18 U.S.C. § 1001(a)(2), make materially false statements in a matter within the jurisdiction of the EPA by falsely representing to the TCEQ the source, composition, and characteristics of several thousand tons of crushed cathode-ray tube (CRT) glass, which had been shipped from Arizona to the Northern District of Texas.

2. Specifically, DLUBAK admits and agrees that:

   a. The Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq., is the primary federal statute governing the treatment, storage, and disposal of hazardous waste. RCRA defines "hazardous waste" as "a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may—(A) cause, or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness; or (B) pose a substantial present or potential hazard to human health or the environment when improperly

treated, stored, transported, or disposed of, or otherwise managed." 42 U.S.C. § 6903(5).

b. Under RCRA, a solid waste is hazardous if it is enumerated in one of four lists (40 C.F.R. §§ 262.31-34), or if it possesses a characteristic described in 40 C.F.R. §§ 261.21 through 261.24. The four hazardous waste characteristics are ignitibility, corrosivity, reactivity, and toxicity. A solid waste that contains more than the regulatory threshold of one of the contaminants listed in Table 1 of 40 C.F.R. § 261.24 is deemed to exhibit the characteristic of toxicity. That content is determined by using the Toxicity Characteristic Leaching Procedure test. 40 C.F.R. § 261.24(a). Lead is listed in Table 1 as a contaminant causing toxicity, and the regulatory threshold for lead is 5.0 mg/L. 40 C.F.R. § 261.24.

c. RCRA is enforced by the EPA. EPA may authorize a state to administer a hazardous waste program in lieu of the federal program when the EPA Administrator deems the state program to be equivalent to the federal program. 42 U.S.C. § 6926. A violation of any requirement under an authorized State hazardous waste program is a violation of a requirement of Subtitle C of the RCRA and the federal government retains criminal and civil enforcement authority. 42 U.S.C. § 6928.

d. The EPA Administrator first delegated authority to the State of Texas to administer a hazardous waste program on December 26, 1984. 40 C.F.R. § 272.2201. The program is administered by the TCEQ, which

has responsibility for permitting hazardous waste treatment, storage, and disposal facilities. 30 T.A.C. § 335.

e. The treatment, storage or disposal of hazardous waste without a proper permit is a felony under RCRA. 42 U.S.C. § 6928(d)(2)(a).

f. DLUBAK is an Ohio-based corporation that serves as a processor, recycler, and broker for a variety of types of glass, including glass sourced from television monitors. Prior to the advent of flat-screen televisions, CRTs were an essential component of such monitors and comprised a portion of the glass DLUBAK acquired for recycling. Among others, it maintains facilities at 400 Mushroom Road and 410 Mushroom Road, Waxahachie, Texas, in the Northern District of Texas.

g. CRTs have three components: a panel, a funnel, and a neck. The panel and funnel are both made of glass. CRT funnel glass contains significant amounts of lead, while panel glass typically contains lead in much lower quantities.

h. On March 11, 2016, TCEQ performed an inspection of the DLUBAK facility in Waxahachie, Texas. During the inspection, the TCEQ Industrial and Hazardous Waste Inspector (Inspector) spoke with the manager of the site, an employee of DLUBAK (Employee 1), regarding the presence of CRT glass at the location. During that conversation, Employee 1 stated that the only CRT glass present at the location was "processed panel glass containing no lead," and that no funnel glass had

been accepted or processed at DLUBAK's Waxahachie facilities. The TCEQ Inspector returned to DLUBAK's Waxahachie facility on March 17, 2016, to follow-up and again spoke to Employee 1. During that conversation, Employee 1 reiterated that the CRT glass at the location was non-leaded processed panel glass, not funnel glass.

i. On March 11, 2016, TCEQ took samples of CRT glass at DLUBAK's Waxahachie facilities. Testing results indicated that two samples of the purported panel glass had lead contents of 57.5 and 29.3 mg/L, well above the 5.0 mg/L threshold.

j. On May 11, 2016, the TCEQ Inspector and a colleague met with Employee 1, as well as two DLUBAK executives and another DLUBAK employee, at TCEQ's Dallas-Fort Worth Office, which is located in the Northern District of Texas. During that meeting, DLUBAK, through its employees and agents, again represented that the material being stored at Waxahachie was comprised of CRT panel glass and denied that it contained CRT funnel glass. The material that was the subject of TCEQ's inspection and follow-up inquiries was in fact comprised of a mix of CRT funnel glass and panel glass, a fact that is reflected in the business records maintained by DLUBAK. DLUBAK made the above-described statements to TCEQ knowing that the information it provided was false.

3. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 5th day of October, 2024.

_____
DAVID DLUBAK, SR.
On behalf of Dlubak Glass Company


_____
DAVID SIMON
Attorney for Dlubak Glass Company

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____ 11/27/24
MYRIA BOEHM
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24069949
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8605
Email: Myria.Boehm@usdoj.gov


TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

_____
LAUREN D. STEELE
Trial Attorney
NY State Bar No. 4416814
Lauren.steele@usdoj.gov
(202) 305-0897

_Gary N. Donner_
GARY N. DONNER
Senior Trial Attorney
NY State Bar No. 2650265
Gary.Donner@usdoj.gov
(202) 305-0338

Environmental Crimes Section
United States Department of Justice
150 M Street NE
Washington, DC 20002